# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CHARLES WATSON,  CASE NO.:

    Plaintiff,

v.

BRINKER FLORIDA, INC. d/b/a CHILI'S
GRILL & BAR,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLES WATSON ("Mr. Watson" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR ("BFI" or "Defendant"), a Foreign Profit Corporation, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Duval County, Florida.

## PARTIES AND FLSA COVERAGE

3. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

4. At all times material hereto, Defendant was, and continues to be, a Foreign Profit

Corporation, and continues to be engaged in business in Duval County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in the provision of food and beverage to its restaurant patrons in, among other places, Duval County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## **STATEMENT OF FACTS**

15. Plaintiff worked as a non-exempt Dishwasher for Defendant from June 1, 2019, until his termination on June 29, 2019.

16. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

17. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18. Mr. Watson was not exempt from overtime under the FLSA and should have been paid his full and proper overtime compensation.

19. Mr. Watson had no authority to hire or fire employees of BFI.

20. Mr. Watson had no authority to discipline employees of BFI.

21. Mr. Watson had no authority to determine the schedules to be worked by any employees of BFI, or to change their schedules.

22. Mr. Watson had no authority to set rates of pay for other employees or agents of BFI.

23. Mr. Watson had no input into performance reviews of other employees or agents of BFI.

24. All of Plaintiff's major decisions had to be cleared in advance by one of BFI's supervisors.

25. Mr. Watson was closely monitored by BFI's managers and supervisors at all times.

26. Plaintiff followed procedures established by BFI and did exactly as he was instructed to do.

27. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

28. Defendant paid Plaintiff an hourly rate of $12.00 per hour.

29. Plaintiff regularly worked sixty (60) or more hours per week for Defendant.

30. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

31. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

32. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

33. On or about June 14, 2019, Plaintiff objected to Defendant's General Manager that Defendant was not paying him for his overtime hours worked promptly, or in full.

34. Pursuant to the FLSA, Plaintiff's above-noted objections were "protected activity."

35. Defendant's General Manager admitted to Plaintiff that he had not properly reported or recorded all of the hours that Plaintiff had been working since his employment commenced, and gave Plaintiff a small amount of cash from the safe upon Plaintiff's objections.

36. The small amount of cash provided to Plaintiff by Defendant's General Manager came nowhere near to representing all of the unpaid overtime owed to Plaintiff.

37. On or about June 22, 2019, Plaintiff therefore objected to another of Defendant's Managers that Defendant's failure to properly compensate him for his overtime hours worked violated the FLSA.

38. Pursuant to the FLSA, Mr. Watson's above-noted objections were "protected

activity."

39. Approximately one (1) week later, Defendant informed Plaintiff that it had terminated Plaintiff's employment, effective immediately.

40. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA.

41. There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to Defendant's illegal pay practices and, and his termination mere days later.

42. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

43. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

44. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

45. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

46. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

47. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

48. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

49. Based on the allegations in Paragraphs 46-48, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

50. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**

51. Plaintiff reincorporates and re-alleges paragraphs 1 through 50, above, as though fully set forth herein, and further alleges as follows:

52. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

53. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

54. Plaintiff was not an exempt employee as defined by the FLSA, regardless of Defendant's subjective beliefs or misclassification.

55. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

56. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

      c.      Award Plaintiff liquidated damages in an amount equal to the overtime award;

      d.      Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

      e.      Award Plaintiff pre-judgment interest; and

      f.      Order any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

57. Plaintiff reincorporates and re-alleges Paragraphs 1 through 50, above, as though set forth fully herein, and further alleges as follows:

58. Plaintiff objected to Defendant's illegal pay practices on or about June 14, 2019, and June 22, 2019, and asserted violations of the FLSA.

59. On June 29, 2019, mere days later, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

60. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

61. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

62. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

63. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the

Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 25th day of June, 2020.

Respectfully submitted,

**By: /s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Trial Counsel for Plaintiff*